# UNITED STATES BANKRUPTCY COURT
### DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re: | Case No.: 23-20091 (JJT) |
| **ALAN E. WASKOWICZ** | Chapter: 7 |
| Debtor. | ECF No. 48 |
| _____/ | |

### DEBTOR'S MOTION FOR PROTECTIVE ORDER

**COMES NOW** the Debtor-Movant in the above-captioned action, **ALAN E. WASKOWICZ**, by and through undersigned Counsel, and Hereby Respectfully **MOVES** this Honorable Court for a Protective Order with respect to two documents that are responsive to the Trustee's *Subpoena for Rule 2004 Examination* directed to the Debtor, pursuant to *Fed. R. Civ. Pro.* 45(d), *to wit*:

1) two responsive confidential documents, a thirteen (13) page *Confidential Settlement Agreement* that the Debtor and an interested third-party, Bank of America, N.A. (BANA), are parties to, and a one (1) page photocopy of a check dated November 5, 2017 from BANA to the Debtor, and the production of which by the Debtor is commanded by the Trustee's *Subpoena for Rule 2004 Examination*. *See Fed. R. Civ. Pro.* 45(d)(3)(B)(i).

The Debtor-Movant does not challenge the scope of the *Subpoena*, as the commanded production appears to be germane to this action and consistent with *Fed. R. Bankr. P.* 2004.



WILLCUTTS & HABIB LLC
100 PEARL ST., 14TH FLR.
HARTFORD, CT 06103-4500
TEL: (860) 249-7071
FAX: (860) 863-4625
FIRM JURIS NO. 440514

- 1 -

In support hereof, the Debtor-Movant Respectfully Represents as follows:

### D. CONN. L. CIV. R. 37 STATEMENT

Pursuant to *D. Conn. Bankr. L. R.* 2004 and *D. Conn. L. Civ. R.* 37, Undersigned Counsel for the Debtor certifies that a telephonic conference was held with the Trustee's Special Counsel on October 11, 2023, in advance of filing the instant *Motion*; nevertheless, the specific language of the *Confidential Settlement Agreement* requires a court order to produce and disclose the *Confidential Settlement Agreement*, necessitating the filing of the instant *Motion*. BANA's local and national counsel were also provided with notice of the Subpoena and were provided an advance copy of the instant *Motion*, prior to filing.

During the telephonic conference between the Undersigned and the Trustee's Special Counsel, the Trustee's Counsel agreed to the entry of a *Protective Order* to prevent the disclosure and/or dissemination of the *Confidential Settlement Agreement* and settlement check, and the financial terms therein contained, upon the production of the *Confidential Settlement Agreement* and copy of the settlement check by the Debtor to the Trustee's Special Counsel. A proposed *Protective Order* based on the United States District Court for the District of Connecticut *Model Protective Order* is concurrently filed for this Honorable Court's consideration.

### JURISDICTION AND VENUE

1. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 & 1334. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b). Venue of



WILLCUTTS & HABIB LLC
100 PEARL ST., 14TH FLR.
HARTFORD, CT 06103-4500
TEL: (860) 249-7071
FAX: (860) 863-4625
FIRM JURIS NO. 440514

Debtor's Chapter 7 case and this matter in this District is proper pursuant to 28 U.S.C. §§ 1408 & 1409.

2. Debtor resides in the Town of Southington, Hartford County, Connecticut, and Debtor does not constitute a "single asset real estate" as that term is defined in 11 U.S.C. § 101.

## BASIS FOR RELIEF

3. The statutory predicate for the relief sought by the Debtor is *Fed. R. Bankr. P.* 7026 & 9016 and *Fed. R. Civ. Pro.* 45(d).

4. *Fed. R. Bankr. P.* 9016 makes the provisions of *Fed. R. Civ. Pro.* 45 applicable to subpoenas issued in actions under *Title 11* of the U.S. Code, and *Fed. R. Civ. Pro.* 45(d) states, in pertinent part:

> **(3) *Quashing or Modifying a Subpoena*. …**
>
> **(B) *When Permitted*. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:**
>
> **(i) disclosing a trade secret or other confidential research, development, or commercial information; …**
>
> **(C) *Specifying Conditions as an Alternative*. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:**
>
> **(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; … .**

*Fed. R. Civ. Pro.* 45(d)(3).



WILLCUTTS & HABIB LLC
100 PEARL ST., 14TH FLR.
HARTFORD, CT 06103-4500
TEL: (860) 249-7071
FAX: (860) 863-4625
FIRM JURIS NO. 440514

5. Thus, pursuant to *Fed. R. Civ. Pro.* 45(d)(3), this Honorable Court may exercise its' discretion to quash or modify a subpoena if compliance with the subpoena requires disclosure of confidential information.

## PROCEDURAL HISTORY

6. Debtor-Movant filed a voluntary petition for relief under Chapter 7 of the *Bankruptcy Code* in the above-captioned case, on **FEBRUARY 12, 2023**.

7. Anthony S. Novak was appointed Chapter 7 Trustee.

8. The Debtor's *Section 341* Meeting commenced on March 13, 2023, at which the Debtor and Debtor's Undersigned Counsel appeared, and concluded on April 10, 2023.

9. On May 30, 2023, the Trustee filed an *Application to Employ Special Counsel* (ECF # 31), which was granted by this Honorable Court (ECF # 42), seeking to employ Special Counsel because, *inter alia*,

> **The Debtor was divorced some time in February 2020 which Divorce Decree provided the Debtor's ex-wife with an assignment of a lawsuit the Debtor had pending against [BANA].[1]  The wife's claim against any recovery on this lawsuit appears to be $36,125.50, but said lawsuit may have a value in excess of that amount.  The bankruptcy estate is in need of counsel to investigate this lawsuit and perhaps pursue this lawsuit in the event it has recovery value in excess of $36,125.50.**

---

[1] While not germane to the instant *Motion*, the Trustee's claim that the Debtor had a lawsuit pending against BANA at the time of the Debtor's divorce in February 2020, is not correct.  The cause of action was assigned to the Debtor's ex-wife, who later commenced an action against BANA.

WILLCUTTS & HABIB LLC
100 PEARL ST., 14TH FLR.
HARTFORD, CT 06103-4500
TEL: (860) 249-7071
FAX: (860) 863-4625
FIRM JURIS NO. 440514

- 4 -

10. The Special Counsel's *Subpoena* to Debtor for a *Rule 2004* Examination and for production of documents, commands production of, *inter alia*,

> **11. All documents concerning the settlement terms of the Debtor's litigation against Bank of America (Connecticut Superior Court, Judicial District of New Britain, case no.: HHBCV20-6059727-S) (the "Action").**
>
> **12. All documents concerning the Bank of America litigation which was assigned by the Debtor to his ex-wife via a divorce decree.**
>
> **13. All documents, including the deed into the Debtor and any deeds out concerning the Lazy Lane property referenced in the separation agreement.**

11. A certain thirteen (13) page *Confidential Settlement Agreement* effective October 27, 2017, entered into by and between the Debtor and BANA, and a one (1) page photocopy of a settlement check dated November 5, 2017 from BANA to the Debtor, which is responsive to production requests 11, 12, & 13, above, forms the basis for the instant *Motion*.

### RELEVANT FACTUAL BACKGROUND

12. In 2013, BANA commenced a foreclosure action against the Debtor to foreclose on the mortgage that the Debtor gave to Fleet National Bank in 2003 on the property located at 340 Lazy Lane, Southington, Connecticut.

13. On February 3, 2014, the Debtor filed his *Answer & Special Defenses* to the foreclosure action, and the Debtor filed a single-count counterclaim against BANA, alleging that BANA violated of the *Connecticut Unfair Trade Practices Act*.

14. After filing a *Motion to Strike* the Debtor's CUTPA counterclaim, which was denied by the trial court, BANA filed an *Answer & Special Defenses* to the counterclaim.



WILLCUTTS & HABIB LLC
100 PEARL ST., 14TH FLR.
HARTFORD, CT 06103-4500
TEL: (860) 249-7071
FAX: (860) 863-4625
FIRM JURIS NO. 440514

15. After several years of protracted litigation, on March 6, 2017, BANA filed a partial *Motion for Summary Judgment*, directed to the Debtor's CUTPA counterclaim, to which the Debtor objected and filed a *Memorandum of Law* and *Affidavit in Opposition* on August 23, 2017.

16. The trial court scheduled oral argument on BANA's *Motion for Summary Judgment* and the Debtor's *Objection* thereto for September 11, 2017.

17. On the eve of the September 11, 2017 hearing, BANA and the Debtor reached an agreement to resolve both parties' claims in the then-pending foreclosure action,[2] and on the morning of September 11, 2017, the parties informed the court that a settlement had been reached, which resulted in the court marking off the hearing on BANA's *Motion for Summary Judgment* and the Debtor's *Objection*.

18. The October 27, 2017 *Confidential Settlement Agreement* between BANA and the Debtor contains the parties' proprietary, financial and business information, which is confidential and sensitive.

19. The *Confidential Settlement Agreement* contains express terms with respect to the confidentiality of the agreement, specifically, Paragraph 1-J, captioned "Confidentiality and Notices," wherein the parties agree to maintain confidentiality with respect to all of the terms of the Settlement Agreement.

---

[2] While the parties reached an agreement as to the material terms on or before September 11, 2017, due to several rounds of edits and revisions, and the involvement of numerous counsel (including both outside and in-house counsel for BANA) who all had to agree on the final terms, the Defendant was the last party to execute the Confidential Settlement Agreement, on October 27, 2017. By its terms, October 27, 2017 is the effective date of the Confidential Settlement Agreement.



WILLCUTTS & HABIB LLC
100 PEARL ST., 14TH FLR.
HARTFORD, CT 06103-4500
TEL: (860) 249-7071
FAX: (860) 863-4625
FIRM JURIS NO. 440514

20. The express terms with respect to confidentiality were, and remain, essential terms of the *Confidential Settlement Agreement*, and form part of the consideration for entering into the *Confidential Settlement Agreement*.

21. The *Confidential Settlement Agreement* is confidential and sensitive due to the amounts contained therein, because it contains other confidential business and financial information of BANA, as well as certain financial information and other personally identifying information of Debtor.

22. Further, the parties agreed that the *Confidential Settlement Agreement* would remain confidential, and disclosure of the terms of the *Confidential Settlement Agreement* undermines the strong public policy interest in amicably and mutually resolving disputes without necessitating a trial on the merits.

23. The disclosure of the proprietary business information and financial information would cause harm to BANA; the disclosure of the Debtor's financial and other personally identifying information would cause harm to the Debtor; and, the disclosure of the terms of the *Confidential Settlement Agreement*, and the financial figures contained therein, would seriously undermine the ability of financial institutions and mortgage loan servicers to resolve foreclosures without resorting to a trial on the merits.

24. By its express terms, the *Confidential Settlement Agreement* provides that:

> **The Parties may provide a copy of this Agreement and/or describe the terms and conditions of this Agreement within any lawsuit before a United States court of competent jurisdiction <u>only in response to a Court order to that effect</u>. The Parties further agree that, if they or their attorneys receive legal process designed to disclose any Information deemed confidential under this Agreement,**



WILLCUTTS & HABIB LLC
100 PEARL ST., 14TH FLR.
HARTFORD, CT 06103-4500
TEL: (860) 249-7071
FAX: (860) 863-4625
FIRM JURIS NO. 440514

- 7 -

> **the disclosing Party will provide advance written notice to counsel for the nondisclosing Party within three (3) business days of receiving such subpoena, court order, or other legal process, so that the non-disclosing Party has the option of taking steps to protect the confidentiality of this Agreement, its terms, or any Information deemed confidential under this Agreement**

*Confidential Settlement Agreement* Paragraph 1(J)(i) (October 27, 2017) (<u>emphasis</u> added).

25. On November 5, 2017, BANA partially complied with its obligations under the *Confidential Settlement Agreement* by issuing a check to the Debtor, and Debtor's Counsel is in possession of a photocopy of said check, which is also responsive to the Trustee's *Subpoena*.

26. The Settlement Check contains proprietary business information and financial information, the disclosure of which would cause harm to BANA and the disclosure of the financial terms of the *Confidential Settlement Agreement* and the Settlement Check, and the financial figures contained therein, would seriously undermine the ability of financial institutions and mortgage loan servicers to resolve foreclosures without resorting to a trial on the merits.

27. Subsequent to execution of the *Confidential Settlement Agreement*, and after partial compliance with the terms of the *Confidential Settlement Agreement* by BANA, the Debtor alleged before the trial court that BANA had breached one or more of the material terms of the *Confidential Settlement Agreement*.

28. As a result of BANA's alleged breach, the Debtor alleged that he was not required to perform under the agreement, and likewise BANA's performance of its remaining



WILLCUTTS & HABIB LLC
100 PEARL ST., 14TH FLR.
HARTFORD, CT 06103-4500
TEL: (860) 249-7071
FAX: (860) 863-4625
FIRM JURIS NO. 440514

obligations under the agreement, which only arose after the Debtor's full-performance, was also excused.

29. The trial court in the foreclosure action rejected the Debtor's claims that BANA breached a material term of the *Confidential Settlement Agreement*, and denied the Debtor's *Motion to Open Judgment of Foreclosure*.

30. As a result, BANA's alleged refusal to fulfill its remaining obligations under the *Confidential Settlement Agreement*, allegedly gave rise to the separate cause of action that the Debtor ultimately assigned to his ex-wife in the negotiated stipulation to resolve the divorce action brought in 2019 by the Debtor's now ex-wife.

31. Pursuant to and consistent with the Debtor's contractual obligation under Paragraph 1(J)(i) of the *Confidential Settlement Agreement*, *supra* ¶ 24, the Debtor's Undersigned Counsel informed BANA's local counsel of the Trustee's intent to subpoena documents that would include the *Confidential Settlement Agreement*, shortly after the Trustee filed a *Motion for Rule 2004 Examination*.

## A<small>RGUMENT</small>

Rule 2004 Examinations and the documents produced at Rule 2004 Examinations pursuant to a subpoena are open to the public, and the public, the debtor, and creditors can review the transcript of the testimony and the documents produced to the Trustee. *See Stein v. Elizabeth Trust Corp. (In re Winton Shirt Corp.)*, 104 F.2d 777, 780 (3d Cir. 1939); *In re Saur*, 122 F. 101 (S.D.N.Y 1903); *In re Samuelsohn*, 174 F. 911 (W.D.N.Y. 1909); *Petition of Moulthrop*, 249 F. 468 (6 Cir. 1918). Similarly, the Second Circuit recognizes a strong presumption in favor of disclosure. *See U.S. v. Erie County, N.Y.*,



W<small>ILLCUTTS</small> & H<small>ABIB</small> LLC
100 P<small>EARL</small> S<small>T</small>., 14<small>TH</small> F<small>LR</small>.
H<small>ARTFORD</small>, CT 06103-4500
T<small>EL</small>: (860) 249-7071
F<small>AX</small>: (860) 863-4625
F<small>IRM</small> J<small>URIS</small> N<small>O</small>. 440514

763 F.3d 235, 239–41 (2d. Cir. 2014), *see also Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.),* 21 F.3d 24, 26 (2d Cir. 1994) (*citing Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 597–98 (1978)).

Upon timely motion, the bankruptcy court may quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies; or subjects a person to undue burden." *Fed. R. Civ. P.* 45(d)(3)(A).  The Court may enter a protective order with respect to discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Fed. R. Civ. Pro.* 26(c).

The financial terms of the Debtor's *Confidential Settlement Agreement* with BANA are undoubtedly germane to the Debtor's financial condition and fall within the scope of *Fed. R. Bankr. P.* 2004.  However, the express terms of the *Confidential Settlement Agreement* mandate that, "The Parties may provide a copy of this Agreement and/or describe the terms and conditions of this Agreement…. only in response to a Court order to that effect."  *Supra* ¶ 24.

The Debtor is obligated to maintain and protect BANA's proprietary, financial and business information, which is confidential and sensitive. and the Debtor's own personal identifying information.  The express terms of the *Confidential Settlement Agreement* with respect to confidentiality were, and remain, essential terms of the *Confidential Settlement Agreement*, and form part of the consideration for entering into the *Confidential Settlement Agreement*.



WILLCUTTS & HABIB LLC
100 PEARL ST., 14TH FLR.
HARTFORD, CT 06103-4500
TEL: (860) 249-7071
FAX: (860) 863-4625
FIRM JURIS NO. 440514

The *Confidential Settlement Agreement* requirement that a copy of the Agreement can only be provided upon a Court order to that effect, necessitates the filing of the instant *Motion*.

For the foregoing reasons, the Debtor Respectfully Moves this Honorable Court to enter an appropriate *Order* commanding production of the *Confidential Settlement Agreement* and a copy of the Settlement Check to the Trustee's Special Counsel, and that, pursuant to *Fed. R. Civ. Pro.* 45(d)(3)(B)(i), this Honorable Court enter an appropriate *Protective Order* to protect and safeguard the confidentiality of the information contained therein, by designating the *Confidential Settlement Agreement* as "CONFIDENTIAL–FOR ATTORNEYS' EYES ONLY," consistent with the *Model Standing Protective Order* promulgated by the United States District Court for the District of Connecticut.

### REQUEST FOR RELIEF

**WHEREFORE**, for the foregoing reasons, the Debtor-Movant **ALAN E. WASKOWICZ** Respectfully Requests that this Honorable Court:

1. Enter an appropriate *Order* commanding the production of the October 27, 2017 *Confidential Settlement Agreement* between the Debtor and BANA and a copy of the November 5, 2017 Settlement Check from BANA to the Debtor, to the Trustee's Special Counsel; and,

2. GRANT the appended/concurrently filed proposed *Protective Order* prohibiting the disclosure of the *Confidential Settlement Agreement* and copy



WILLCUTTS & HABIB LLC
100 PEARL ST., 14TH FLR.
HARTFORD, CT 06103-4500
TEL: (860) 249-7071
FAX: (860) 863-4625
FIRM JURIS NO. 440514

- 11 -

of the Settlement Check, and the terns thereof, for good cause shown, pursuant to *Fed. R. Civ. Pro.* 45(d)(3)(B)(i).

**DATED AT <u>NEW HAVEN, CONNECTICUT</u> THIS <u>13th</u> DAY OF <u>OCTOBER</u>, 20<u>23</u>.**

RESPECTFULLY SUBMITTED,
THE DEBTOR, ALAN E. WASKOWICZ,
BY HIS ATTORNEY,

_____
**MICHAEL J. HABIB, ESQ.** (CT29412)
Willcutts & Habib, LLC
100 Pearl St., Fl. 14
Hartford, CT 06103-4500
Tel: (860) 249-7071
Fax: (860) 863-4625
E-Mail: Mike@InzitariLawOffice.com


WILLCUTTS & HABIB LLC
100 PEARL ST., 14TH FLR.
HARTFORD, CT 06103-4500
TEL: (860) 249-7071
FAX: (860) 863-4625
FIRM JURIS NO. 440514

- 12 -