## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT (HARTFORD)

| | |
|---|---|
| In re:<br><br>Alan E. Waskowicz,<br><br>       Debtor.<br><br>Bank of America, N.A.<br><br>       Movant.<br><br>Vs.<br><br>Alan E. Waskowicz, Debtor<br>Anthony S. Novak, Trustee<br><br>      Respondents. | Chapter 7<br><br>Case No. 23-20091<br><br><br><br><br><br><br><br><br><br><br><br>:March 27, 2024 |

### MOTION FOR RELIEF FROM AUTOMATIC STAY
### (REAL PROPERTY)

  Bank of America, N.A. ("Movant") hereby moves this Court, pursuant to 11 U.S.C. § 362(a), for relief from the automatic stay with respect to certain real property of the Debtor having an address of 340 Lazy Ln, Southington, CT 06489-1762 (the "Property"). In further support of this Motion, Movant respectfully states:

  1. A petition under Chapter 7 of the United States Bankruptcy Code was filed with respect to the Debtor on February 12, 2023.

  2. Bank of America, N.A. became owner of the premises 340 Lazy Ln, Southington, CT 06489-1762, by virtue of a Judgment of Foreclosure under which the title became absolute in Bank of America, N.A. on March 20, 2019, as evidenced by the certain Certificate of Foreclosure recorded in the Southington Land Records on February 5, 2024, in Book 1600 at Pages 678-679.

A copy of the Certificate of Foreclosure is attached and marked as Exhibit A.

3. Pursuant to the Order entered on Motion for Judgment-Strict Foreclosure ("Judgment Order"), as of March 19, 2018 the total debt is $399,571.06. A true and correct copy of the Judgment Order is attached hereto as Exhibit B.

4. The estimated fair market value of the Property is $334,000.00. The basis for such valuation is the Judgment Order.

5. Movant seeks relief from stay as owner of the Property to enforce its rights against Debtor pursuant to applicable state and federal law.

6. Movant is entitled to relief pursuant to §362(a), as Creditor is the holder of a Judgment Order.

   a. Movant further requests that the Court allow Movant to proceed with a forcible detainer action and its rights as to the Property pursuant to 11 U.S.C. § 362(b)(22).

   b. Movant further requests that the provisions of Bankruptcy Rule 4001(a)(3) be waived and any order confirming the absence of the automatic stay should be effective immediately.

   WHEREFORE, Movant prays that this Court issue an Order terminating the stay and granting the following:

1. Relief from the stay allowing Movant (and any successors and assigns) to proceed under applicable non-bankruptcy law to enforce its remedies upon and obtain possession of the Property.

2. That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

3. That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

4. For such other relief as the Court deems proper.

Dated: March 27, 2024

                                        Respectfully Submitted,

                                        <u>/s/ Jennifer L. Joubert</u>
                                        Jennifer L. Joubert, Esq. CT #31228
                                        Marinosci Law Group, P.C.
                                        275 West Natick Road, Suite 500
                                        Warwick, RI 02861
                                        Telephone: (401) 234-9200
                                        jjoubert@mlg-defaultlaw.com
                                        bkinquiries@mlg-defaultlaw.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT (HARTFORD)**

**Appendix B**

In re:
Alan E. Waskowicz,
           Debtor.

BK No. 23-20091
Chapter 7

## RELIEF FROM STAY WORKSHEET REAL ESTATE

I, <u>Marcia Aida Thomas / Assistant Vice President</u> (Name and Title) of Bank of America, N.A. (Name of Organization/Corporation/Moving Party) (herein after, "Movant") hereby declare (or certify, verify, or state) as follows:

### BACKGROUND INFORMATION

1. Real property address which is the subject of this motion: <u>340 Lazy Ln, Southington, CT 06489-1762</u>

2. Lender Name: <u>Bank of America, N.A.</u>

3. Date of Mortgage: <u>August 27, 2003</u>

4. Post-Petition payment address: <u>N/A</u>

5. The manner in which the movant perfected its interest in the property: <u>Bank of America N.A. became owner of the premises 340 Lazy Ln, Southington, CT 06489-1762, by virtue of a Judgment of Foreclosure under which the title became absolute in Bank of America, N.A. on March 20, 2019, as evidenced by the certain Certificate of Foreclosure recorded in the Southington Land Records on February 5, 2024, in Book 1600 at Pages 678-679.</u>

6. All other material liens and encumbrances on the property: <u>None.</u>

### DEBT/VALUE REPRESENTATIONS

7. Total pre-petition and post-petition indebtedness of Debtor to Movant at the time of filing the motion: <u>$399,571.06</u>[1]

8. Movant's estimated market value of the real property: <u>$334,000.00</u>

9. Source of Estimated Valuation: <u>Judgment Order.</u>

---

[1] The total debt due pursuant to the Judgment Order as of March 19, 2018.

## STATUS OF DEBT AS OF THE PETITION DATE[2]

10. Total pre-petition indebtedness of Debtor to Movant as of petition filing date: $399,571.06[3]
    A. Amount of Principal: $N/A
    B. Amount of Interest: $N/A
    C. Amount of escrow (taxes and insurance): $N/A
    D. Amount of forced placed insurance expended by Movant: $N/A
    E. Amount of Attorney's Fees billed to Debtor(s) pre-petition: $N/A
    F. Amount of pre-petition late fees, if any billed to Debtor(s): $N/A

11. Contractual interest rate: N/A (If interest rate is (or was) adjustable, please list the rate(s) and date(s) the rate(s) was/were in effect on a separate sheet and attach the sheet as an exhibit to this form; please list the exhibit number here: N/A .)

12. Explain any additional pre-petition fees, charges, or amounts charged to Debtor's account and not listed above: N/A

    (If additional space is needed, please list the amounts on a separate sheet and attach the sheet as an exhibit to this form: please list the exhibit number here: N/A .)

## AMOUNT OF ALLEGED POST-PETITION DEFAULT (AS OF 03/12/2024)

13. Date last payment was received: 07/01/2011 (mm/dd/yyyy)

14. Alleged total number of payments post-petition from filing of petition through payment due on N/A (mm/dd/yyyy): N/A

15. List all post-petition payments alleged to be in default:

### SCHEDULE OF PAYMENTS THAT WERE DUE:

| Date Payments Due | Payment Amount Due Post Petition |
|---|---|
| N/A | N/A |
| Total | N/A |

### SCHEDULE OF PAYMENTS THAT WERE RECEIVED

| Date | Amount Received | Amount Applied to Principal and Interest | Amount Applied to Escrow | Late Fee Charged (if any) | Amount applied to legal fees or costs (specify) |
|---|---|---|---|---|---|
| N/A | $0.00 | | | | |
| Total | $0.00 | | | | |

---

2  As of March 19, 2018.
3  The total debt due pursuant to the Judgment Order as of March 19, 2018.

16. Amount of Movant's Attorney's fees billed to Debtor for the preparation, filing and prosecution of this motion: $0.00

17. Amount of Movant's filing fee for this motion: $0.00

18. Other Attorney's fees billed to Debtor post-petition: $0.00

19. Amount of Movant's post-petition inspection fees: $0.00
    Amount of Movant's post-petition appraisal/broker's price opinion: $0.00

20. Amount of forced placed insurance or insurance provided by the Movant post-petition: $0.00

21. Sum held in suspense by Movant in connection with this contract, if applicable: $0.00

22. Amount of other post-petition advances or charges: i.e., taxes, insurance incurred by Debtor, etc.:

    $0.00

23. Amount and date of post-petition payments offered by the Debtor and refused by the Movant:

    $_____0.00_____     Date: _____

    $_____0.00_____     Date: _____

    $_____0.00_____     Date: _____

    $_____0.00_____     Date: _____

## REQUIRED ATTACHMENTS TO MOTION

The following exhibits are attached to the motion in support of the relief requested.

1. Copies of documents that indicate Movant's interest in the subject property. For purposes of example only, a complete and legible copy of the promissory note or other debt instrument together with a complete and legible copy of the mortgage and any assignments in the chain from the original mortgagee to the current moving party. (Exhibit A & B)

2. Copies of documents establishing proof of standing to bring this Motion. (Exhibit A & B)

3. Copies of documents establishing that Movant's interest in the real property was perfected. For purposes of example only, a complete and legible copy of the mortgage containing the applicable recording information. (Exhibit A & B)

### Certification and Declaration for Business Records

I certify that the information provided in this worksheet and/or exhibits attached to this worksheet is derived from records that were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters, were kept in the course of the regularly conducted activity and were made by the regularly conducted activity as a regular practice.

[remainder of page intentionally left blank, text continued on next page]

I further certify that copies of any transactional documents attached to this worksheet as required by paragraphs 1, 2, and 3, immediately above, are true and accurate copies of the original documents. I further certify that the original documents are in movant's possession, except as follows:

One or more documents may be in the possession of the custodian and/or agent of Movant.

I/we declare (or certify, swear, affirm, verify, or state) that the foregoing is true and correct.

Executed on March 26, 2024 [date]

*Marcia Aida Thomas* (signature)
Signature

Marcia Aida Thomas

Assistant Vice President

---

A notary public or other officer completing this certificate verifies only the identity of individual who signed the document to which this certificate is attached, and not to truthfulness, accuracy, or validity of that document.

State of California

County of Ventura

Subscribed and sworn to (or affirmed) before me on this 26th day of March, 2024, by Marcia Aida Thomas, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Mary Jogminas, Notary Public        (Seal)

MARY JOGMINAS
COMM.# 2458529
NOTARY PUBLIC - CALIFORNIA
VENTURA COUNTY
My Comm. Expires Aug. 10, 2027

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT (HARTFORD)**

| | |
|---|---|
| In re:<br><br>Alan E. Waskowicz,<br><br>                    Debtor.<br><br>Bank of America, N.A.<br><br>                    Movant.<br><br>Vs.<br><br>Alan E. Waskowicz, Debtor<br>Anthony S. Novak, Trustee<br><br>                    Respondents. | Chapter 7<br><br>Case No. 23-20091<br><br><br><br><br><br><br><br><br><br>:March 27, 2024 |

## CERTIFICATE OF SERVICE

In accordance with the applicable provisions of the Federal Rules of Bankruptcy Procedure, 2002 and 7004, the undersigned certifies that on this 27th day of March, 2024, the following documents were served on the U.S. Trustee and all appearing parties via the court's electronic filing system or, by first class mail on the parties listed in section 2 below.

1. Documents Served:
   A. Motion for Relief
   B. Exhibits A through B
   C. Appendix B
   D. Proposed Order
   E. Notice of Contested Matter
   F. Certificate of Service

                                            Respectfully Submitted,

                                            /s/ Jennifer L. Joubert
                                            Jennifer L. Joubert, Esq. CT #31228
                                            Marinosci Law Group, P.C.
                                            275 West Natick Road, Suite 500
                                            Warwick, RI 02861
                                            Telephone: (401) 234-9200
                                            jjoubert@mlg-defaultlaw.com
                                            bkinquiries@mlg-defaultlaw.com

2. <u>Via ECF</u>
   U.S. Trustee, on behalf of the US Trustee
   Steven E. Mackey, on behalf of the US Trustee
   Anthony S. Novak, on behalf of the Trustee
   Jeffrey Hellman, on behalf of the Trustee
   Michael J. Habib, on behalf of the Debtor
   Walter Onacewicz, Esq. on behalf of Credit Acceptance Corporation

   VIA US MAIL
   Alan E. Waskowicz
   67 LITTLE FAWN RD
   SOUTHINGTON, CT 06489


   Town of Southington Connecticut Tax Assessor
   75 Main Street
   Southington, CT 06489

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT (HARTFORD)

| | |
|---|---|
| In re:<br><br>Alan E. Waskowicz,<br><br>Debtor.<br><br>Bank of America, N.A.<br><br>Movant.<br><br>Vs.<br><br>Alan E. Waskowicz, Debtor<br>Anthony S. Novak, Trustee<br><br>Respondents. | Chapter 7<br><br>Case No. 23-20091<br><br><br><br><br><br><br><br><br><br>:March 27, 2024 |

## NOTICE OF CONTESTED MATTER RESPONSE DEADLINE

Bank of America, N.A. (the "Movant") has filed a Motion for Relief, (the "Contested Matter") in the above-captioned case. Notice is hereby given that any response to the Contested Matter must be filed with the Court no later than April 10, 2024.* In the absence of a timely filed response, the proposed order in the Contested Matter *may* enter without further notice and hearing, *see*, 11 U.S.C. § 102(1).

Movant<br>By its attorneys,

Date: March 27, 2024.    /s/ Jennifer L. Joubert
Jennifer L. Joubert, Esq. CT #31228
Marinosci Law Group, P.C.
275 West Natick Road, Suite 500
Warwick, RI 02861
Telephone: (401) 234-9200
jjoubert@mlg-defaultlaw.com
bkinquiries@mlg-defaultlaw.com

*Pursuant to Federal Rule of Bankruptcy Procedure 9006(f), if service is made by mail, three days are added after the response date set in this notice

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT (HARTFORD)

| | |
|---|---|
| In re:<br><br>Alan E. Waskowicz,<br><br>       Debtor.<br><br>Bank of America, N.A.<br><br>       Movant.<br><br>Vs.<br><br>Alan E. Waskowicz, Debtor<br>Anthony S. Novak, Trustee<br><br>       Respondents. | Chapter 7<br><br>Case No. 23-20091 |

## ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY

After notice and a hearing, Bank of America, N.A. (hereafter, the "Movant") Motion for Relief from Stay (hereafter, the "Motion"), ECF No. \_\_\_\_

**IT IS HEREBY ORDERED** that the Motion is **GRANTED** – the automatic stay provided in 11 U.S.C. § 362(a) is modified pursuant to 11 U.S.C. §§ 362(d)(1) and 362(d)(2) to permit the Movant and/or their successors and assignees, to exercise their rights, if any, with respect to real property commonly known as 340 Lazy Ln, Southington, CT 06489-0000 in accordance with applicable state law, and

**IT IS FURTHER ORDERED** that the 14-day stay of by Fed. R. Bankr. P. 4001(a)(3) is not applicable and the Movant may immediately enforce and implement its Order.

At _____ this \_\_\_\_\_ day of _____, 2024.

                _____
                  U.S. BANKRUPTCY JUDGE

Record and return to:
Marinosci Law Group, P.C.
275 West Natick Road, Suite 500
Warwick, RI 02886

| | |
|---|---|
| DOCKET NO. HHB-CV-13-6022409-S | : SUPERIOR COURT |
| BANK OF AMERICA, N.A. | : J.D. OF NEW BRITAIN |
| VS. | : AT NEW BRITAIN |
| ALAN E. WASKOWICZ, ET AL. | : FEBRUARY 5, 2024 |

### CERTIFICATE OF FORECLOSURE

TO ALL WHOM IT MAY CONCERN:

THIS CERTIFIES THAT a Mortgage from Alan E. Waskowicz to Fleet National Bank on premises known as 340 Lazy Lane, Southington, CT 06489 ("Property") recorded on January 14, 2004 in Volume 948 at Page 363 of the Southington Land Records. Fleet National Bank merged with and into Bank of America, N.A. by virtue of a merger effective June 13, 2005. Property was foreclosed upon the complaint of Bank of America, N.A., against Alan E. Waskowicz owner of the equity of redemption in said mortgaged premises, in the Superior Court of New Britain at New Britain, within and for the County of New London, State of Connecticut returnable on October 1, 2013. The premises foreclosed is described on Schedule A attached hereto.

The time limit for redemption in said Judgment of Foreclosure has passed, and the title to said premises became absolute in Bank of America, N.A., whose address is 100 N. Tyron Street, Charlotte, NC 28255 on March 20, 2019.

Bank of America, N.A.
By its Attorney,

_____
Brian M. Kiser, Esq.
Marinosci Law Group, P.C.
275 West Natick Road, Suite 500
Warwick, RI 02886
Telephone 401-234-9200
Juris No. 443764

Dated: February 5, 2024

## SCHEDULE A

a certain piece or parcel of land with all buildings and improvements thereon, situated on the southerly side of LAZY LANE in the Town of Southington, County of Hartford and State of Connecticut, and being:

Parcel B on a certain map entitled, "Map Showing Property of Ralph & Barbara J. Landino Southington, Conn. August 12, 1991 Scale: 1"=40'", which map is on file in the Southington Town Clerk's Office and being more particularly bounded and described as follows, to wit:

| | |
|---|---|
| NORTHERLY | by the highway, LAZY LANE, as shown on said map, twenty (20) feet; |
| EASTERLY | by Parcel A, as shown on said map, two hundred eighty-seven and twenty five one-hundredths (287.25) feet; |
| NORTHERLY again | by Parcel A, as shown on said map, one hundred fifty one and twenty four one-hundredths (151.24) feet; |
| EASTERLY again | by land now or formerly of Kaszmer J. and Josephine Arszyla, as shown on said map, four hundred five and seventy eight one-hundredths (405.78) feet; |
| SOUTHERLY | by land now or formerly of Angelo J. and Florence F. Lorenzo and Richard J. and Rita C. Barbieri, as shown on said map, partly by each, in all one hundred sixty nine and fifty seven one-hundredths (169.57) feet; and, |
| WESTERLY | by land now or formerly of Rosa J. Lopiccolo, et al, as shown on said map, six hundred ninety seven (697) feet. |

Received for Record at SOUTHINGTON, CT
On 2/5/2024 At 03:38:22 PM

*Kathy Larkin*

**EXHIBIT B**

|  |  |
|---|---|
| DOCKET NO: HHBCV136022409S | ORDER   428340<br>SUPERIOR COURT |
| BANK OF AMERICA, N.A.<br>   V.<br>WASKOWICZ, ALAN E Et Al | JUDICIAL DISTRICT OF NEW BRITAIN<br>   AT NEW BRITAIN<br><br>3/19/2018 |

<u>ORDER</u>

ORDER REGARDING:
02/21/2018 141.00 MOTION FOR JUDGMENT-STRICT FORECLOSURE

The foregoing, having been considered by the Court, is hereby:

ORDER:

Judgment of Strict Foreclosure is hereby entered as follows:
Judgment also enters on count two of the complaint.
Debt: $396,671.06
Attorney Fees: $2,900.00
Total: $399,571.06
Appraisal Fee: $325.00
Title Search Fee: $225.00
Fair Market Value: $334,000.00

LAW DAY SET FOR Monday, April 16, 2018, for the owner of the equity of redemption, and subsequent days for subsequent encumbrancers in the inverse order of their priorities.

Judicial Notice (JDNO) was sent regarding this order.

428340
_____
Judge: ROBERT E YOUNG

# EXHIBIT A
## TO
## MORTGAGE

VOL. 948 PAGE 368

**Date of Mortgage:**
08/27/03

**Borrower(s)/Mortgagor(s):**
ALAN E. WASKOWICZ

**Mortgagee:**
FLEET NATIONAL BANK,
PRINCIPALLY LOCATED IN RHODE ISLAND

**Property Address:**
340 LAZY LANE HARTFORD SOUTHINGTON, CT
06489

The Property is located in __SOUTHINGTON__ (city/town), __HARTFORD__ (county), __CONNECTICUT__ (state) and is bounded and described as follows:

Being the same property conveyed and described in a Deed recorded among the land records of the Town set forth above:

Deed recorded in BOOK __660__ PAGE __721-722__

**RECEIVED & FILED**
TOWN OF SOUTHINGTON

JAN 1 4 2004
10:07 AM
By _____
Town Clerk

Remit all Legal Documents to: ---------------- Fleet Bank
Consumer Loan Operations
315-317 Court Street
P.O. Box 3092
Utica, NY 13502

### Pennsylvania Certification of Residence

I hereby certify that the precise residence of the Mortgagee, _____,

is: _____

Printed Name and Address of Person Who Prepared This Mortgage:

Name: _____

Address: _____

City, ST, Zip: _____

Name _____

Title _____

TOWN CLERK

Recording Copy
Page 6 of 6

21000E Rev. 11/2002

329