**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | |
|---|---|---|
| IN RE: | : | CASE NO.: 23-20091 (JJT) |
| ALAN E. WASKOWICZ, | : | CHAPTER 7 |
| Debtor. | : | |
| | | |
| ANTHONY S. NOVAK, CHAPTER 7 TRUSTEE FOR THE ESTATE OF ALAN E. WASKOWICZ, | : | ADV. PRO NO.: |
| Plaintiff, | : | |
| v. | : | |
| EK REAL ESTATE FUND I, LLC and EASYKNOCK, INC., | : | JANUARY 29, 2025 |
| Defendant. | : | |

## **COMPLAINT**

1. On February 12, 2023 (the "Petition Date"), the debtor, Alan E. Waskowicz (the "Debtor") filed a petition for relief under Chapter 7 of the United States Bankruptcy Code.

2. The plaintiff, Anthony S. Novak is the duly appointed Chapter 7 Trustee for the Debtor's Estate (the "Trustee").

3. The defendant, EK Real Estate Fund I, LLC (the "EK Real Estate") is a Delaware limited liability company with its principal place of business located at 111 W 33rd Street, Suite 1901, New York, NY 10102.

4. The defendant, EasyKnock, Inc. ("EasyKnock") is a New York foreign corporation formed in the State of Delaware with its principal place of business located at 111 W 33rd Street, Suite 1901, New York, NY 10102.  EasyKnock is a member of EK Real Estate.

Page **1** of 3

5. On April 25, 2022, the Debtor entered into a Repair Fund Agreement with EK Real Estate. Pursuant to the Repair Fund Agreement, EK Real Estate is holding $42,450 (the "Repair Funds") until certain repairs have been completed.

6. Pursuant to 11 U.S.C. §541(a), the Trustee now owns any right the Debtor had pursuant to the Repair Fund Agreement.

7. According to the Debtor's current testimony, while some of the Repair Funds were used for repairs on the Property, most of the Repair Funds have not been used and remain with the EK Real Estate.

8. Despite demand, EK Real Estate has refused to account for the funds in the Repair Fund Agreement or the turnover of the Repair Funds to the Trustee.

9. Pursuant to 11 U.S.C. §543(b), EK Real Estate is obligated to turnover the remainder of the Repair Funds to the Trustee.

10. EK Real Estate claims to have assigned the Repair Funds to NESE Capital Management which appears to be a trade name for EasyKnock, Inc. Although NESE Capital Management purports to be based in Ohio, it is not registered with the Ohio Secretary of State or the Connecticut Secretary of State. The address for NESE Property Management is the same as for EasyKnock, Inc. Its phone number is answered with a recording stating that the caller has reached EasyKnock.

11. Upon information and belief, NESE Property Management is simply another name for EasyKnock, Inc. and/or EK Real Estate Fund I, LLC.

12. Pursuant to 11 U.S.C. §543, Defendant EasyKnock and Defendant EK Real Estate Fund I, LLC must turnover the remaining amounts in the Repair Fund to the Trustee.

**WHEREFORE**, the plaintiff, Anthony S. Novak, Chapter 7 Trustee for the Estate of Alan E. Waskowicz respectfully requests that the Court enter judgment in favor of the Trustee and against the Defendants as follows:

1. damages,

2. an order requiring Defendants to turnover the remaining funds in the Repair Fund to the Plaintiff,

3. interest,

4. such other legal or equitable relief as this Court may deem appropriate.

Dated this the 29th day of January, 2025.

          **ANTHONY S. NOVAK, CHAPTER 7 TRUSTEE**
          **FOR THE ESTATE OF ALAN E. WASKOWICZ**

By:    /s/ *Jeffrey Hellman*
        Jeffrey Hellman, Esq.
        Law Offices of Jeffrey Hellman, LLC
        195 Church Street, 10th Floor
        New Haven, CT 06510
        Tel. 203-691-8762
        Email: jeff@jeffhellmanlaw.com
        Federal Bar No.: ct04102