**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

_____

| | | |
|---|---|---|
| IN RE: | : | CASE NO.: 23-20091 (JJT) |
| | : | |
| ALAN E. WASKOWICZ, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |

_____

| | | |
|---|---|---|
| ANTHONY S. NOVAK, CHAPTER 7 TRUSTEE | : | ADV. PRO NO.: 25-02003 |
| FOR THE ESTATE OF ALAN E. WASKOWICZ, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| EK REAL ESTATE FUND I, LLC and | : | JUNE 18, 2025 |
| EASYKNOCK, INC., | : | |
| | : | |
| Defendants. | : | |

_____

**MOTION FOR APPROVAL OF SETTLEMENT**

TO:  THE HONORABLE JAMES J. TANCREDI
        UNITED STATES BANKRUPTCY JUDGE

Anthony S. Novak, Chapter 7 Trustee for the Estate of Alan E. Waskowicz (the "Trustee"), by and through his undersigned attorney, hereby respectfully submits this motion (the "Motion") for an order, pursuant to Federal Rule of Bankruptcy Procedure 9019(a), approving the proposed settlement to avoid a claim involving the recovery of a constructive fraudulent transfer of the Debtor's property.

In support thereof, the Trustee represents as follows:

## BACKGROUND

1. On February 12, 2023 (the "Petition Date"), the debtor, Alan E. Waskowicz (the "Debtor") filed a voluntary bankruptcy petition under Chapter 7 of the United States Bankruptcy Code.

2. Anthony S. Novak was appointed Chapter 7 Trustee for the Debtor's Estate.

3. On April 25, 2022, the Debtor entered into a Repair Fund Agreement with EK Real Estate Fund I, LLC ("EK Real Estate"). Pursuant to the Repair Fund Agreement, EK Real Estate is holding $42,450 (the "Repair Funds") until certain repairs have been completed.

4. Pursuant to 11 U.S.C. §541(a), the Trustee now owns any right the Debtor had pursuant to the Repair Fund Agreement.

5. According to the Debtor's current testimony, while some of the Repair Funds were used for repairs on the Property, most of the Repair Funds have not been used and remain with the EK Real Estate.

6. Despite demand, EK Real Estate has refused to account for the funds in the Repair Fund Agreement or the turnover of the Repair Funds to the Trustee.

7. Pursuant to 11 U.S.C. §543(b), EK Real Estate is obligated to turnover the remainder of the Repair Funds to the Trustee.

8. EK Real Estate claims to have assigned the Repair Funds to NESE Capital Management which appears to be a trade name for EasyKnock, Inc. ("EasyKnock"). Although NESE Capital Management purports to be based in Ohio, it is not registered with the Ohio Secretary of State or the Connecticut Secretary of State. The address for NESE Property Management is the same as for EasyKnock. Its phone number is answered with a recording stating that the caller has reached EasyKnock.

9. Upon information and belief, NESE Property Management is simply another name for EasyKnock and/or EK Real Estate.

10. Pursuant to 11 U.S.C. §543, EasyKnock and EK Real Estate must turnover the remaining amounts in the Repair Fund to the Trustee.

11. On January 29, 2025, the Trustee filed an adversary proceeding entitled *Anthony S. Novak, Chapter 7 Trustee for the Estate of Alan E. Waskowicz v. EK Real Estate Fund I, LLC and EasyKnock, Inc.*, Case No.: 25-02003 (the "Adversary Proceeding") seeking for EasyKnock and EK Real Estate to turnover of the Repair Funds to the Trustee.

12. The Trustee, EasyKnock and EK Real Estate (collectively, the "Parties") wish to settle the Adversary Proceeding, thereby avoiding the risk and exposure of litigation.

13. On May 29, 2025, Defendants sent $31,450 to the Trustee.

## SUMMARY OF SETTLEMENT TERMS

14. In settlement of the Adversary Proceeding, on May 29, 2025, EasyKock has paid the Trustee $31,450 (the "Settlement Amount") which is the remaining balance of Repair Funds. EasyKnock has presented to the Trustee evidence of the Repair Funds' ledger and invoices paid for work on the Property leaving a balance of $31,450. The Trustee believes that the $31,450 payment already received by the Trustee from EasyKnock satisfies the claim raised Adversary Proceeding in full.

## STANDARDS FOR SETTLEMENTS PURSUANT TO FED. R. BANKR. P. 9019(a)

15. Fed. R. Bankr. P. 9019(a) provides that "on motion by the trustee and after notice and a hearing, the bankruptcy court may approve a compromise or settlement." The Supreme Court has recognized that "in administering a reorganization proceeding in an economical and practical matter, it will often be wise to arrange the settlement of claims in which there are

substantial and reasonable doubts." In re Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424-25, 88 S. Ct. 1157, 1163, 20 L. Ed. 2d 1, 9-10 (1968).  The settlement of time-consuming and burdensome litigation, especially in the bankruptcy context, is encouraged.  In re: Penn Central Transportation Co., 596 F.2d 1002 (3d Cir. 1979).

16.	Approval of a proposed settlement is within the "sound discretion" of the bankruptcy court.  In re Neshaminy Office Buildings Associates, 62 B.R. 798, 803 (E.D. Pa. 1986).  The court must determine whether the proposed settlement is in the "best interests of the estate."  See In the Matter of Energy Cooperative, Inc., 886 F.2d 921, 927 (7th Cir. 1989).  In determining whether to approve a compromise, the bankruptcy court should apprise itself "of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated.  Further, the judge should form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.  Basic to this process, in every instance, of course, is the need to compare the terms of the compromise with the likely rewards of litigation."  TMT Trailer Ferry, Inc., 390 U.S. at 424-25.

17.	The bankruptcy court should consider five factors in striking the balance between the value of the compromise and the value of the claim:  1) the probability of success in the litigation; 2) the likely difficulties in collection; 3) the complexity of the litigation; 4) the expense, inconvenience and delay necessarily attending it; and, 5) the paramount interest of the creditors.  In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285, 292 (2d Cir. 1992), cert. dismissed, 506 U.S. 1088, 113 S. Ct. 1070, 122 L. Ed. 2d 497 (1993).  The court should not

substitute its judgment for that of a trustee. <u>Neshaminy Office Building Associates</u>, 62 B.R. at 803. The court is not to decide the numerous questions of law or fact raised by litigation, but rather should canvas the issues to see whether the settlement falls below the lowest point in the range of reasonableness. <u>In re W.T. Grant and Co.</u> 699 F.2d 599, 608 (2d Cir. 1983), <u>cert. denied</u>, 464 U.S. 22 (1983). In addition, "because the bankruptcy judge is unequally situated to consider the equities and reasonableness of a particular compromise, approval or denial of a compromise will not be disturbed on appeal absent a clear abuse of discretion." <u>Neshaminy Office Building Associates</u>, 62 B.R. at 803 (<u>citing</u>, <u>In re Patel</u>, 43 B.R. 500, 505 (N.D. Ill. 1984).

    18.    The Trustee believes that the $31,450 payment already received by the Trustee from EasyKnock satisfies the Adversary Proceeding in full.

**CONCLUSION**

**WHEREFORE**, the Trustee respectfully requests that the Court enter the annexed Order to approve the proposed settlement pursuant to Fed. R. Bankr. P. 9019(a) and grant such other and further relief as the Court shall deem just and proper.

Dated June 18, 2025 at New Haven, Connecticut.

                                        **ANTHONY S. NOVAK, CHAPTER 7**
                                        **TRUSTEE FOR THE ESTATE OF**
                                        **ALAN E. WASKOWICZ**

By:    /s/ *Jeffrey Hellman*
          Jeffrey Hellman, Esq.
          Law Offices of Jeffrey Hellman, LLC
          195 Church Street, 10th Floor
          New Haven, CT 06510
          Tel.: 203.691.8762
          jeff@jeffhellmanlaw.com
          Federal Bar No.: ct04102