**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

---

| | | |
|---|---|---|
| IN RE: | : | CASE NO.: 23-20091 (JJT) |
| | : | |
| ALAN E. WASKOWICZ, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | JUNE 18, 2025 |

---

### FINAL APPLICATION FOR ALLOWANCE OF REIMBURSEMENT OF EXPENSES BY COUNSEL TO TRUSTEE

Law Offices of Jeffrey Hellman, LLC (the "Applicant") seeking final reimbursement of expenses incurred as counsel to Anthony S. Novak, Chapter 7 Trustee for the Estate of Alan E. Waskowicz, pursuant to 11 U.S.C. §331, respectfully represents:

Applicant is a professional limited liability company consisting of one (1) attorney, which specializes in the field of commercial litigation and bankruptcy, and has been in existence for over eleven (12) years. Attorney Jeffrey Hellman ("Attorney Hellman"), the sole member of this firm serves on the executive committee of the Federal Practice Section and the Commercial Law and Bankruptcy Section of the Connecticut Bar Association, and has spoken at seminars and national organizations on the topics of bankruptcy law. The services in this case were performed primarily by Jeffrey Hellman, principal in the office who has thirty-nine (39) years of experience and thirty-six (36) years of bankruptcy experience.

Anthony S. Novak is the duly appointed Chapter 7 Trustee for the Estate of Alan E. Waskowicz (the "Trustee"). On May 30, 2023 the Trustee filed an application to retain the Applicant (Doc. 31) and the Court approved it on June 30, 2023 (Doc. 42).

No agreement or understanding exists between the Applicant and any other person for the sharing of compensation received or to be received for services rendered in or related to this matter.

The Applicant will not, in any form, share or agree to share, compensation for services with any person or entity, nor will the Applicant share in the compensation of any other person or entity rendering services in this case, except as so provided by Bankruptcy Rule 2016.

## I. INTRODUCTION

1.     This Final Application for Allowance of Reimbursement of Expenses by Counsel to the Trustee (the "Application") is made for the period from July 10, 2023 through June 11, 2025 (the "Application Period").

2.     In accordance with this Court's June 30, 2023 order (Doc. 42) approving the Trustee's application to retain Applicant, Applicant may seek compensation based on one-third (1/3) of any recovery, plus reimbursement of costs and disbursements.

## II. SUMMARY

3.     During the Application Period, Applicant represented the Trustee concerning the Trustee's investigation into the Debtor's payments to the University of Rhode Island ("URI") on behalf of his adult son; investigation into any value in excess of the amount sought in the Debtor's lawsuit against Bank of America which was assigned to his ex-wife in accordance with a divorce decree; investigation into Debtor's potential ownership interest in real property located at 67 Little Fawn Road (the "Property") which belonged to his father's estate of which the Debtor was fiduciary; and investigation into the sale of the Property which was subject to a "Sell and Stay Contract" between the Debtor and EasyKnock, Inc. and/or EK Real Estate Fund I, LLC (collectively, "EasyKnock") which transfers title of the Property to EasyKnock with the Debtor retaining some type of option to purchase said Property.  In pursuit of Applicant's investigations, Applicant communicated with by telephone and email with the Debtor's attorney; reviewed state court dockets; traveled to and from court for a hearing on a motion for

protective order; reviewed documents; prepared for and conducted a Rule 2004 Examination of the Debtor; communicated with the Trustee by telephone; communicated by telephone with legal counsel for URI; communicated by telephone with an attorney who had a pending lawsuit against EasyKnock; conducted research about EasyKnock; reviewed documents for complaint. As appears from Exhibit A attached hereto, Applicant has expended a total of 13.10 hours on legal services.

4. Applicant provided litigation services to the Trustee by drafting, finalizing, and filing adversary proceeding #25-02003, on January 29, 2025, entitled <u>Anthony S. Novak, Chapter 7 Trustee of the Estate of Alan E. Waskowicz v. EK Real Estate Fund I, LLC and EasyKnock, Inc.</u> ( "Adv. Pro. 25-02003"). Adv. Pro. 25-02003 sought turnover of funds ("Repair Funds") being held by Defendants until certain repairs were made on the Property per a Repair Fund Agreement between the Debtor and Defendants. According to the Debtor's testimony, while some of the Repair Funds were used for repairs on the Property, most of the Repair Funds had not been used and remained with Defendants. Since Defendants did not turnover the Repair Funds upon demand, Applicant filed Adv. Pro. 25-02003 seeking turnover of the unused Repair Funds. During pursuit of Adv. Pro. 25-02003, Applicant communicated by telephone and emails with Defendants' legal counsel, traveled to and from court for a status conference, drafted and filed a motion for default and drafted a default judgment motion and reviewed offer of settlement which resulted in recovery of $31,450.00 for the estate. As appears from Exhibit A, Applicant has expended a total of 7.40 hours on services involving litigation.

### III.  APPLICATION REQUEST

5. During the Application Period, Applicant spent 20.50 hours on legal and litigation services for the Trustee. In accordance with this Court's Order Authorizing Appointment of

Attorney (Doc. 42), this Application seeks compensation based on one-third (1/3) of any recovery, plus reimbursement of costs and disbursements. Thus, Applicant seeks compensation based on one-third (1/3) recovery of $31,450.00 in Adv. Pro. 25-02003.

6. This Application seeks reimbursement of costs and disbursements during the Application Period. As appears from Exhibit A, Applicant has incurred $708.85 of expenses during the Application Period in the performance of the Applicant's duties as counsel to the Trustee. Expenses incurred by Applicant include: payment of $75.00 fee, on October 18, 2023, for service of subpoena for Rule 2004 Examination on the Debtor; payment of $75.00 fee, on July 1, 2024, for service of subpoena for Rule 2004 Examination on the Debtor; and payment of court reporter fee and transcript fee in the amount of $558.85 for Rule 2004 Examination of the Debtor. Accordingly, Applicant requests reimbursement for expenses totaling $708.85 (see Exhibit B attached hereto) made during the Application Period.

7. Applicant submits that all expenditures during the Application Period were necessary and in the best interest of the Estate. The Applicant has shared this Final Application for Allowance of Reimbursement of Expenses with the Trustee, who has in turn approved of its submission to the Court.

**WHEREFORE**, it is respectfully requested that the Court authorize and allow the Applicant a final award of compensation for services rendered to the Trustee during the Application Period in the sum of $10,483.33 in fees, to be paid as compensation based one-third (1/3) of the recoveries in Adv. Pro. 25-02003, together with reimbursement of costs and disbursements of $708.85 for total compensation of $11,192.18 upon the Court's approval of this Final Fee Application and grant the Applicant such further relief as the Court deems just and proper.

Respectfully submitted on June 18, 2025.

                    **THE APPLICANT,**
                    **LAW OFFICES OF JEFFREY HELLMAN, LLC**

By:   /s/ *Jeffrey Hellman*
       Jeffrey Hellman
       Law Offices of Jeffrey Hellman, LLC
       195 Church Street, 10th Floor
       New Haven, CT 06510
       Tel.:  203-691-8762
       jeff@jeffhellmanlaw.com
       Its attorney
       Federal Bar No.: ct04102