## United States Bankruptcy Court
## District of Connecticut



In re:

    Alan E. Waskowicz

    Debtor*

Case Number:    23-20091

Chapter:    7

### NOTICE OF HEARING AND OBJECTION DEADLINE REGARDING:
### (1) TRUSTEE'S *PROPOSED* FINAL REPORT AND *PROPOSED* DISTRIBUTION; AND
### (2) APPLICATION(S) FOR COMPENSATION

**PLEASE TAKE NOTICE** that on November 19, 2025, Anthony S. Novak, the Chapter 7 Trustee, filed as ECF No. 93 the following:
1. Proposed Chapter 7 Trustee's Final Report and Final Account and Distribution
2. Application for Compensation for the Trustee.

In accordance with Fed. R. Bankr. P. 2002(f)(8) these proposed documents are summarized in the attached Summary of Trustee's *proposed* Final Report and Final Account and Applications for Compensation.

**Any objection to the Chapter 7 Trustee's *proposed* Final Report and Final Account and Application(s) for Compensation must be filed with the Clerk's Office on or before December 22, 2025*.** Any objection filed after December 22, 2025 <u>may not</u> be considered.

**NOTICE IS FURTHER GIVEN** that a <u>**hearing will be held**</u> on January 8, 2026 at 10:00 AM at the United States Bankruptcy Court, 450 Main Street, 7th Floor Hartford, Connecticut, on the Application(s) for Compensation and any objections filed to the Trustee's *proposed* Final Report and Final Account and Distribution.

**NOTICE IS FURTHER GIVEN** that the Chapter 7 Trustee's *proposed* Final Report and Final Account and Distribution and an Application for Compensation, as well as the Application(s) for Compensation of Professional Persons is available for inspection at any Bankruptcy Court Clerk's Offices located in Hartford, New Haven, and Bridgeport, Connecticut. You may also view the filed Chapter 7 Trustee's Final Report and Final Account and the Application(s) for Compensation on the Court's PACER system (**www.pacer.psc.uscourts.gov**).

Dated: November 19, 2025

                                                                                          Pietro Cicolini
                                                                                          Clerk of Court

*Pursuant to Federal Rule of Bankruptcy Procedure 9006(f), if service is made by mail, three days are added after the response date set in this notice.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| In re:ALAN E. WASKOWICZ | § | Case No. 23-20091 |
| | § | |
| | § | |
| | § | |
| Debtor(s) | | |

**SUMMARY OF TRUSTEE'S FINAL REPORT**
**AND APPLICATIONS FOR COMPENSATION**

| | | |
|---|---|---|
| *The Final Report shows receipts of :* | $ | 31,450.00 |
| *and approved disbursements of:* | $ | 11,324.61 |
| *leaving a balance on hand of[1]:* | $ | 20,125.39 |

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| None | | | | | |

| | | |
|---|---|---|
| Total to be paid to secured creditors: | $ | 0.00 |
| Remaining balance: | $ | 20,125.39 |

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - Anthony S. Novak | 3,895.00 | 0.00 | 3,895.00 |
| Trustee, Expenses - Anthony S. Novak | 45.56 | 0.00 | 45.56 |
| Attorney for Trustee Fees (Other Firm) - LAW OFFICES OF JEFFREY HELLMAN, LLC | 10,483.33 | 10,483.33 | 0.00 |
| Attorney for Trustee Expenses (Other Firm) - LAW OFFICES OF JEFFREY HELLMAN, LLC | 708.85 | 708.85 | 0.00 |

| | | |
|---|---|---|
| Total to be paid for chapter 7 administrative expenses: | $ | 3,940.56 |
| Remaining balance: | $ | 16,184.83 |

---

[1]The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-NFR (10/1/2010)**

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| None | | | |

| | | |
|---|---|---|
| Total to be paid for prior chapter administrative expenses: | $ | 0.00 |
| Remaining balance: | $ | 16,184.83 |

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $515.82 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 6 | Town of Southington Tax Collector | 515.82 | 0.00 | 515.82 |

| | | |
|---|---|---|
| Total to be paid for priority claims: | $ | 515.82 |
| Remaining balance: | $ | 15,669.01 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $80,298.83 have been allowed and will be paid pro rata only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 19.5 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Discover Bank | 2,915.75 | 0.00 | 568.96 |
| 2 | Discover Bank | 13,894.86 | 0.00 | 2,711.36 |
| 3 | Citibank, N.A. | 4,358.28 | 0.00 | 850.45 |
| 4 | LVNV Funding, LLC | 31,421.01 | 0.00 | 6,131.30 |
| 5 | Town of Southington Tax Collector | 0.00 | 0.00 | 0.00 |
| 7 | American Express National Bank | 1,680.40 | 0.00 | 327.90 |
| 8 | Wells Fargo Bank, N.A. | 6,550.69 | 0.00 | 1,278.26 |

**UST Form 101-7-NFR (10/1/2010)**

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---:|---:|---:|
| 9 | Midland Credit Management, Inc. | 5,172.78 | 0.00 | 1,009.38 |
| 10 | Midland Credit Management, Inc. | 9,553.31 | 0.00 | 1,864.17 |
| 11 | Midland Credit Management, Inc. | 4,751.75 | 0.00 | 927.23 |

Total to be paid for timely general unsecured claims: $ 15,669.01
Remaining balance: $ 0.00

Tardily filed claims of general (unsecured) creditors totaling $0.00 have been allowed and will be paid pro rata only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for tardily filed general unsecured claims: $ 0.00
Remaining balance: $ 0.00

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $0.00 have been allowed and will be paid pro rata only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for subordinated claims: $ 0.00
Remaining balance: $ 0.00

UST Form 101-7-NFR (10/1/2010)

|  | Prepared By: /s/ Anthony S. Novak |
|---|---|
|  | Trustee |

Anthony S. Novak  
280 Adams Street  
Manchester, CT 06042  
(860) 257-1980  
anthonysnovak@aol.com

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

**UST Form 101-7-NFR (10/1/2010)**